### KELTON v. DU PONT.

(District Court, N. D. New York. April 7, 1919.)

PLEADING ⟐362(3)—STRIKING OUT MATTER—MATERIALITY—SUBSCRIPTION TO STOCK—FRAUD.

In a complaint to recover for subscriptions to corporate stock obtained by fraud, allegations that the corporation was never legally organized or authorized to transact business, because the capital, with which it was to begin business, was never paid in, and that the corporation was insolvent, were material to the question of damages, and will not be stricken from the complaint.

At Law. Action by Raymond A. Kelton against T. Coleman Du Pont. On motions by defendant to strike an allegation from the complaint, or, if it be not stricken, to have it set forth as a distinct cause of action, separately stated and numbered. Motions denied.

John A. Stephens, of Albany, N. Y., for plaintiff.
Dunmore, Ferris & Dewey, of Utica, N. Y., for defendant.

⟐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

RAY, District Judge. The contention of defendant is that the allegation No. 17 is irrelevant and immaterial to the cause of action set forth in the complaint. It reads as follows:

"That said Hudson Hotel Company, after its incorporation, was never legally or properly organized or authorized to transact business according to law, for the reason that the sum of one thousand dollars ($1,000.00), which was stated in its certificate of incorporation as the amount of capital with which it would begin business, was never paid into said corporation before it commenced to transact business, and said Hudson Hotel Company is now insolvent."

This action is based on the circulation of a certain subscription agreement for subscription to the capital stock of Hudson Hotel Company, which was incorporated under the laws of the state of New York, and which paper it is alleged contained certain materially false and fraudulent representations, and upon which those who subscribed for stock relied. The allegation of the complaint is "that after its incorporation said Hudson Hotel Company and this defendant as one of the directors thereof caused to be circulated a certain subscription agreement and solicited subscriptions to the shares of the capital stock of said Hudson Hotel Company," etc., and that plaintiff's assignees were thereby induced to subscribe for stock in said company and pay in their money. The charge is made against the company as well as against the defendant Du Pont, and if this be true both would be liable.

For a recovery it is necessary to allege facts showing damages and injury, assuming this to be an action to recover damages, and to sustain a recovery it will be necessary to prove damages and injury. If the corporation is solvent, why may it not do business, issue its stock, and perform every obligation to the subscribers for stock. It seems to me that the allegation complained of and sought to have stricken out is a material allegation bearing on the question of damages and injury, and one that may be properly retained in the complaint as showing why suit is against the defendant alone, and not against the company, or against both, and how and why and wherein the plaintiff's assignees sustained damages.

Irrelevant and immaterial matters have no place in a pleading, but I cannot see that this allegation, in view of the nature of the action and facts on which it is based, is either immaterial or irrelevant. This matter has been before the courts of the state of New York in some of its aspects. See Whalen et al. v. Hudson Hotel Co. et al., 183 App. Div. 316, 170 N. Y. Supp. 855. But it is not necessary to quote therefrom here.

Motions denied.